UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EAT HERE BRANDS, LLC, *et al.*[1], | ) | Lead Case No. 19-61688-WLH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING A PROCEDURE FOR DETERMINING CLAIMS ARISING UNDER THE PERISHABLE AGRICULTURAL COMMODITIES ACT; (II) AUTHORIZING THE DEBTORS TO PAY CERTAIN PRE-PETITION CLAIMS ARISING UNDER THE PERISHABLE AGRICULTURAL COMMODITIES ACT; AND (III) GRANTING RELATED RELIEF**

Eat Here Brands, LLC, Babalu Atlanta #1 LLC, Babalu Atlanta #2 LLC, Babalu Knoxville #1 LLC, Babalu Memphis #1 LLC, Babalu Memphis #2 LLC, Babalu, LLC, and Babalu Birmingham #1 LLC (collectively, the "Debtors"), submit this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (i) establishing a procedure for determining claims arising under the Perishable Agricultural Commodities Act of 1930 (as amended, modified, or supplemented from time to time, "PACA"), and any and all state statutes of similar effect, (ii) authorizing, but not directing, the Debtors, in their sole discretion, to pay all claims of PACA Vendors (as defined herein, whose pre-petition claims shall be identified herein collectively as the "PACA Claims") to the extent that the total dollar amounts paid on account of such claims are within the dollar amounts set forth in the Budget (as defined herein); (iii) ordering that any PACA Vendor who fails to file a PACA Claims on or before 4:00 p.m. (Eastern) on October 4, 2019 (the "PACA Bar Date") shall be

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Eat Here Brands, LLC (9694); Babalu Atlanta #1 LLC (4025); Babalu Atlanta #2 LLC (5240); Babalu Knoxville #1 LLC (3163); Babalu Memphis #1 LLC (9320); Babalu Memphis #2 LLC (4558); Babalu, LLC (7673); and Babalu Birmingham #1 LLC (1892). The Debtors' mailing address is 9755 Dogwood Road, Suite 200, Roswell, Georgia 30075.

13783140v1

deemed to have waived any and all PACA Claims against the Debtors, their property, their bankruptcy estates, and any PACA Trust Assets represented by such PACA Claims, (iv) ordering that any PACA Vendor who accepts payment from the Debtors in satisfaction of any portion of its PACA Claim will be deemed to have waived any and all additional PACA Claims, and any pre-petition claims of whatever type, kind, or priority, against the Debtors, their property, their bankruptcy estates, and any PACA Trust Assets with respect to the amounts represented by such PACA Claims, and (v) granting related relief.  In support of this Motion, the Debtors rely on the Declaration of Ned Lidvall, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First-Day Orders [Docket No. 5] (the "Lidvall Declaration").  In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of these Bankruptcy Cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  The statutory predicates for the relief requested herein are Section 105(a), 363, 503(b), 507(a)(2), 1107(a) and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.  On July 30, 2019 (the "Petition Date"), the Debtors each commenced voluntary cases (the "Bankruptcy Cases") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4. The Debtors have continued in possession of their properties and have continued to operate and manage their respective businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. As of the date of this filing, no official committee of unsecured creditors has been appointed in these Bankruptcy Cases, and no request has been made for the appointment of a trustee or examiner.

6. Additional information about the Debtors' businesses and the events leading up to the commencement of the Bankruptcy Cases can be found in the Lidvall Declaration, which is incorporated herein by reference.

7. As explained more fully in the Lidvall Declaration, the Debtors operate upscale restaurants serving Latin-inspired cuisine.  In the ordinary course of business, the Debtors purchase a variety of consumable goods essential for the operations of their restaurants.  In many instances, the consumable goods that are received daily by the Debtors are used in the preparation of the various menu items to be served later during that same day.

## THE DEBTORS' PACA OBLIGATIONS

### A. The Perishable Agricultural Commodities Act

8. Congress enacted PACA to regulate the sale of "perishable agricultural commodities." 7 U.S.C. § 499a; *see also Endico Potatoes, Inc. v. CIT Grp./Factoring*, 67 F.3d 1063, 1067 (2d Cir. 1995).  Under PACA, the term "perishable agricultural commodity" is generally defined as "fruits and fresh vegetables of every kind and character" "whether or not frozen or packed in ice." 7 U.S.C. § 499a(b)(4).  PACA provides various protections to fresh fruit and vegetable sellers, including the establishment of a statutory constructive trust (a "PACA Trust"), consisting of a purchaser's entire inventory of food or other derivatives of

perishable agricultural commodities, the products derived therefrom, and the proceeds related to any sale of the commodities or products (collectively, the "PACA Trust Assets").  *See* 7 U.S.C. § 499e(c)(2).

9. PACA Trust Assets are preserved as a non-segregated floating trust and may be commingled with non-trust assets.  However, the vast majority of courts have held that PACA Trust Assets are *not* property of a debtor's bankruptcy estate.  *See Stanziale v. Rite Way Meat Packers, Inc. (In re CFP Liquidating Estate)*, 405 B.R. 694, 697 (Bankr. D. Del. 2009); *In re Long John Silver's Rests., Inc.*, 230 B.R. 29, 32 (Bankr. D. Del. 1999); *accord Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F. Supp. 346, 348 (S.D.N.Y. 1993); *but see In re Cherry Growers, Inc.*, 576 B.R. 569, 577-78 (Bankr. W.D. Mich. 2017).

10. PACA requires that certain procedural steps be taken by a seller of perishable agricultural commodities in order to preserve its rights as a trust beneficiary.  Specifically, a PACA vendor must provide written notice (a "PACA Notice") to the purchaser of such goods of its intent to preserve the benefits of the PACA Trust.  *See Merrill Farms Corp. v. H.R. Hindle & Co. (In re H.R. Hindle & Co.)*, 149 B.R. 775, 785 (Bankr. E.D. Pa. 1993); *Debruyn Produce Co. v. Richmond Produce Co. (In re Richmond Produce Co.)*, 112 B.R. 364 368–69 (Bankr. N.D. Cal. 1990).  Written notice under PACA may be accomplished by either (i) including the statutorily mandated language on the face of the vendor's invoices or (ii) providing written notice to the purchaser of the PACA goods within thirty (30) days after the time payment is due.  Beneficiaries of a PACA Trust that adhere to the statutory notice requirements are entitled to prompt payment from the PACA Trust Assets ahead of secured and unsecured creditors of a debtor's bankruptcy estate.  *See "R" Best Prod., Inc. v. 646 Corp.*, No. 00-CV-8536, 2002 WL 31453909, at *1 (S.D.N.Y. Oct. 31, 2002).  However, a PACA vendor's failure to comply with

the notice requirements renders its claim a general unsecured claim in a debtor's chapter 11 case. *See In re H.R. Hindle*, 149 B.R. at 786.

11. PACA's application is limited to sales to commission merchants, brokers, and dealers. *See* 7 U.S.C. § 499e(c).

**B.     PACA and these Chapter 11 Bankruptcy Cases**

12. The Debtors believe that a certain portion of the goods purchased from vendors prior to the Petition Date may qualify as "perishable agricultural commodities" under PACA. As a result, insofar as those vendors abide by the notice requirements of PACA, such vendors will be eligible to assert PACA Claims granting them priority ahead of all other secured and unsecured creditors in these Bankruptcy Cases (the "PACA Vendors"). Accordingly, the Debtors submit that payment of PACA Claims at this time will not prejudice or affect the amount available for distributions to other creditors of the Debtors.

13. As of the Petition Date, the Debtors estimate they may owe PACA Vendors as much as $121,589 in the aggregate for PACA goods delivered to those vendors prior to the Petition Date.

**RELIEF REQUESTED**

14. By this Motion, the Debtors request the entry of an Order substantially in the form attached hereto as **Exhibit A**, pursuant to Sections 105(a), 363(b), 503, and 507 of the Bankruptcy Code and applicable law: (i) establishing a procedure for determining the PACA Claims of the PACA Vendors, (ii) authorizing, but not directing, the Debtors, in their sole discretion, to pay the PACA Claims to the extent they determine that such claims are eligible to be treated as PACA Claims and the total dollar amounts paid on account of such claims are within the dollar amounts set forth in the Budget, as such term is defined in the Debtors'

Emergency DIP Financing Motion [Docket No. 16] (the "<u>DIP Financing Motion</u>"),[2] (iii) ordering that any PACA Vendor who fails to file a PACA Claim with the Court and serve such claim on the Debtors' proposed counsel, Arnall Golden Gregory, LLC, Attn: Darryl Scott Laddin, 171 17th Street, NW, Suite 2100, Atlanta, Georgia 30363, including a copy of any invoices associated with such PACA Claim, and a list of the items covered by PACA that are included within such PACA Claim, by the PACA Bar Date, shall be deemed to have waived any and all PACA Claims against the Debtors, their property, their bankruptcy estates, and any PACA Trust Assets represented by such PACA Claims, (iv) ordering that any PACA Vendor who accepts payment from the Debtors in satisfaction of any portion of its PACA Claim will be deemed to have waived any and all additional PACA Claims, and any pre-petition claims of whatever type, kind, or priority, against the Debtors, their property, their bankruptcy estates, and any PACA Trust Assets with respect to the amounts represented by such PACA Claims, and (v) granting such other and further relief as requested in this Motion or as the Court otherwise deems necessary or appropriate.

**BASIS FOR RELIEF**

**A.    Payment of Valid PACA Claims is Warranted**

15.    The prompt and full payment of valid PACA Claims should be authorized by this Court. As described above, the vast majority of cases hold that assets governed by PACA do not constitute property of the Debtors' bankruptcy estates. *Long John Silver's*, 230 B.R. at 32 (PACA trusts are excluded from property of the estate). As a result, the distribution of assets to the holders of PACA Claims likely falls outside the priority scheme set forth in the Bankruptcy Code, and such holders are entitled to payment from the PACA Trusts ahead of the Debtors'

---

[2] The DIP Financing Motion and Budget were approved on an interim basis pursuant to the Interim Order entered by this Court on August 1, 2019 [Docket No. 36].

other creditors, including secured creditors. *See, e.g., In re Magic Rests*., 205 F.3d at 110; *Consumers Produce Co. v. Volante Wholesale Produce, Inc.*, 16 F.3d 1374, 1377–78 (3d Cir. 1994). The Debtors' requested relief thus affects only the timing of payment of the PACA Claims, and will not prejudice the recovery of other creditors. Moreover, the disposition of the PACA Trust Assets is subject to the jurisdiction of the bankruptcy court. *See Monterey Mushrooms, Inc. v. Carolina Produce Distribs., Inc.*, 110 B.R. 207, 209 (W.D.N.C. 1990); *Allied Growers Co-Op, Inc. v. United Fruit & Produce Co.*, 86 B.R. 14, 16 (Bankr. D. Conn. 1988). Accordingly, the relief requested in this Motion does not prejudice the Debtors' creditors or any party in interest in these Bankruptcy Cases.

16. Furthermore, payment of valid PACA Claims will inure to the benefit of the Debtors' respective bankruptcy estates by preserving goodwill between the Debtors and the PACA Vendors. Failing to pay allowed PACA Claims could subject the Debtors to numerous claims, contested matters, and adversary proceedings, including motions by PACA Vendors for relief from the automatic stay or injunctive relief, which would result in the unnecessary expenditure of time, effort, and money by the Debtors, their management team, and their professional advisors.

17. Lastly, in certain circumstances, officers or directors of a corporate entity who are in a position to control trust assets but breach the fiduciary duty to preserve those assets may be held personally liable under PACA. *See Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997); *see also Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.*, 217 F.3d 348, 350 (5th Cir. 2000). Thus, to the extent that any valid obligations arising under PACA remain unsatisfied by the Debtors, the Debtors' officers and directors may be subject to lawsuits during the pendency of these Bankruptcy Cases. Any such lawsuit would distract the Debtors

and their officers and directors from their responsibilities under Chapter 11 and their efforts to reorganize the Debtors.

## RESERVATION OF RIGHTS

18.     Nothing in this Motion: (i) is intended as an admission that any of the PACA Vendors are entitled to a PACA Claim; (ii) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their bankruptcy estates or an entitlement to any PACA Trust Assets; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their bankruptcy estates to contest the validity, priority, character, or amount of any claim against the Debtors or their bankruptcy estates; (iv) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their bankruptcy estates with respect to any and all claims or causes of action against any third party; or (v) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of the Debtors.  Any payment made pursuant to an order of the Court granting the relief requested in this Motion is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## NOTICE

19.     Notice of this Motion has been given to the following parties, or in lieu thereof, to their counsel: (a) the parties identified on the Master Service List in these Bankruptcy Cases as approved by this Court's Order Establishing Notice and Administrative Procedures [Docket No. 33]; and (b) the PACA Vendors.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## NO PRIOR REQUEST

20.     The Debtors have not previously sought the relief requested in this Motion from this or any other court.

## CONCLUSION

WHEREFORE the Debtors respectfully request that the Court:

(a)     enter the Order, substantially in the form attached to this Motion as **Exhibit A**, granting the relief requested herein; and

(b)     grant the Debtors such other and further relief as is just and proper.

Respectfully submitted this 8th day of August 2019.

ARNALL GOLDEN GREGORY LLP

/s/ Darryl S. Laddin
Darryl S. Laddin
Georgia Bar No. 460793
Sean C. Kulka
Georgia Bar No. 648919
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
Phone: (404) 873-8500
Fax: (404) 873-8683
Email: darryl.laddin@agg.com
Email: sean.kulka@agg.com

*Proposed Attorneys for Debtors and Debtors in Possession*

# EXHIBIT A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EAT HERE BRANDS, LLC, *et al.*[1], | ) | Lead Case No. 19-61688-WLH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) ESTABLISHING A PROCEDURE FOR DETERMINING
CLAIMS ARISING UNDER THE PERISHABLE AGRICULTURE
COMMODITIES ACT, (II) AUTHORIZING THE DEBTORS TO PAY CERTAIN
PRE-PETITION CLAIMS ARISING UNDER THE PERISHABLE AGRICULTURAL
COMMODITIES ACT; AND (III) GRANTING RELATED RELIEF**

This matter is before the Court upon the motion [Docket No. _____ ] (the "Motion")[2] of

the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of

an order (this "Order") (i) establishing a procedure for determining claims arising under the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Eat Here Brands, LLC (9694); Babalu Atlanta #1 LLC (4025); Babalu Atlanta #2 LLC (5240); Babalu Knoxville #1 LLC (3163); Babalu Memphis #1 LLC (9320); Babalu Memphis #2 LLC (4558); Babalu, LLC (7673); and Babalu Birmingham #1 LLC (1892). The Debtors' mailing address is 9755 Dogwood Road, Suite 200, Roswell, Georgia 30075.

[2] Capitalized terms used but not otherwise defined in this Order shall have the meanings set forth in the Motion.

13783140v1                                              - 2 -

Perishable Agricultural Commodities Act ("PACA") and (ii) authorizing, but not directing, the Debtors to pay the PACA Claims as set forth more fully in the Motion.

The Court has considered the Motion, the Declaration of Ned Lidvall, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First-Day Orders [Docket No, 5], and the matters reflected in the record of the hearing held on the Motion on September 12, 2019 at 1:30 p.m.. It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been given to the parties identified in the Master Service List as approved by the Court's Order Establishing Notice and Administrative Procedures [Docket No. 33] and the PACA Vendors; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtors, their bankruptcy estates, and their creditors; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Any PACA Vendor who asserts a PACA Claim against any of the Debtors must file with the Court a PACA Claim and serve such PACA Claim on the Debtors' proposed counsel, Arnall Golden Gregory, LLC, Attn: Darryl Scott Laddin, 171 17th Street, NW, Suite 2100, Atlanta, Georgia 30363, including a copy of any invoices associated with such claim, and a list of the items covered by PACA that are included within such PACA Claim, no later than 4:00 p.m. (Eastern) on October 4, 2019 (the "PACA Bar Date").

3. If any PACA Vendor fails to file and serve its PACA Claim by the PACA Bar Date, such PACA Vendor shall be deemed to have waived any and all PACA Claims against the Debtors, their property, their bankruptcy estates, and any PACA Trust Assets represented by

such PACA Claims, but shall have the right to file a proof of claim subject to the priority scheme set forth in the Bankruptcy Code.

4. The Debtors are authorized, but not directed, in their sole discretion, to pay or otherwise satisfy all valid PACA Claims, to the extent the total dollar amounts paid on account of such PACA Claims are within the dollar amounts included in the Budget for PACA Claims.

5. Any PACA Vendor who accepts payment from the Debtors in satisfaction of its PACA Claim will be deemed to have waived any and all PACA Claims, and any pre-petition claims of whatever type, kind, or priority, against the Debtors, their property, their bankruptcy estates, and any PACA Trust Assets with respect to the amounts represented by such PACA Claim.

6. Nothing in the Motion or this Order shall impair the Debtors' right to contest the validity or amount of any PACA Claim that may be asserted, and all of the Debtors' rights with respect thereto are hereby reserved.

7. Nothing in this Order (i) is intended as an admission that any of the PACA Vendors is entitled to a PACA Claim; (ii) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their bankruptcy estates or an entitlement to any PACA Trust Assets; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their bankruptcy estates to contest the validity, priority, character, or amount of any claim against the Debtors or their bankruptcy estates; (iv) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their bankruptcy estates with respect to any and all claims or causes of action against any third party; or (v) shall be construed as a promise to pay a

claim or continue any applicable program post-petition, which decision shall be in the discretion of the Debtors.

8.  The Debtors are authorized to take any and all actions necessary to effectuate the relief granted in this Order.

9.  This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

10.  Proposed counsel to the Debtors is directed to serve a copy of this Order on the parties identified in Master Service List as approved by the Court's Order Establishing Notice and Administrative Procedures [Docket No. 33] and the PACA Vendors within three (3) days of the entry of this Order and to file a certificate of service with the Clerk of the Court.

*** END OF ORDER ***

Prepared and presented by:

ARNALL GOLDEN GREGORY LLP

/s/ Darryl S. Laddin
Darryl S. Laddin
Georgia Bar No. 460793
Sean C. Kulka
Georgia Bar No. 648919
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
Phone: (404) 873-8500
Fax: (404) 873-8683
Email: darryl.laddin@agg.com
Email: sean.kulka@agg.com

*Proposed Attorneys for Debtors and Debtors in Possession*