UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EAT HERE BRANDS, LLC, *et al.*[1], | ) | Lead Case No. 19-61688-WLH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' MOTION FOR AN ORDER SHORTENING NOTICE
AND SCHEDULING EXPEDITED HEARING
ON DEBTORS' BIDDING PROCEDURES MOTION**

Eat Here Brands, LLC, Babalu Atlanta #1 LLC, Babalu Atlanta #2 LLC, Babalu Knoxville #1 LLC, Babalu Memphis #1 LLC, Babalu Memphis #2 LLC, Babalu, LLC, and Babalu Birmingham #1 LLC (collectively, the "Debtors") hereby file *Debtors' Motion for an Order Shortening Notice and Scheduling an Expedited Hearing on Debtors' Bidding Procedures Motion* (this "Motion") requesting that the Court shorten notice and schedule an expedited hearing on the Debtors' Bidding Procedures and Sale Motion [Docket No. 110] seeking, among other things, entry of an order approving bidding procedures related to the sale of all or substantially all of the Debtors' assets free and clear of liens, claims, interest, and encumbrances (the "Bidding Procedures Motion").[2] In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Eat Here Brands, LLC (9694); Babalu Atlanta #1 LLC (4025); Babalu Atlanta #2 LLC (5240); Babalu Knoxville #1 LLC (3163); Babalu Memphis #1 LLC (9320); Babalu Memphis #2 LLC (4558); Babalu, LLC (7673); and Babalu Birmingham #1 LLC (1892). The Debtors' mailing address is 9755 Dogwood Road, Suite 200, Roswell, Georgia 30075.

[2] Any capitalized terms that are defined in this Motion shall have the meaning given to them in the Bidding Procedures Motion.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion and the Bidding Procedures Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion and the Bidding Procedures Motion are core proceedings pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested in this Motion are Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On July 30, 2019 (the "Petition Date"), the Debtors each commenced voluntary cases (the "Bankruptcy Cases") under Chapter 11 of the Bankruptcy Code.

4. The Debtors have continued in possession of their properties and have continued to operate and manage their respective businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. As of the date of this filing, no request has been made for the appointment of a trustee or examiner.

6. Additional information about the Debtors' businesses and the events leading up to the commencement of the Bankruptcy Cases can be found in the Declaration of Ned Lidvall, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First-Day Orders [Docket No. 5] (the "Lidvall Declaration"), which is incorporated herein by reference.

7. On August 20, 2019, the Court entered a Final DIP Order in these Bankruptcy Cases [Docket No. 69] as amended by that certain Amended Final DIP Order [Docket No. 103] (the "Final DIP Order"), which, among other things, authorized the Debtors to use cash collateral

and the proceeds of the Debtors' DIP loan from Origin Bank pursuant to a budget, which was attached to the DIP Financing Motion [Docket No. 16] as Exhibit C (the "Budget").

8. The Final DIP Order provides that it shall be a default under the DIP Order if the Debtors fail to: (i) file a bidding procedures motion with or without a stalking horse on or before September 10, 2019; (ii) obtain entry of a bidding procedures order within twenty-four (24) days of Debtors' filing of the bidding procedures motion; (iii) obtain entry of an order approving the sale of all or substantially all of the Debtors' assets on or before October 18, 2019, or (iv) close a sale of all or substantially all of the Debtors' assets on or before October 27, 2019.

9. On September 10, 2019, the Debtors filed the Bidding Procedures Motion pursuant to Sections 105, 363, and 365 of the Bankruptcy Code and Rules 2002, 6004, 6006, 9006, and 9008 of the Bankruptcy Rules, which requests entry of: (i) an order (a) authorizing and approving bid procedures for the sale of substantially all of the Debtors' assets to the Stalking Horse Bidder[3] or another Qualified Bidder; (b) approving the form of APA, (c) scheduling an Auction and Sale Hearing; (d) approving the manner and form of notices of Sale, Auction, and Sale Hearing; and (e) granting related relief; and (ii) an order (a) approving the sale of substantially all of the Debtors' assets free and clear of all liens, claims, interests, and encumbrances; (b) authorizing the assumption and assignment of certain executory contracts and unexpired leases; and (c) granting related relief.

10. At the first day hearing in these Bankruptcy Cases in light of the sale milestones set forth in the Final DIP Order the Court provided the Debtors with September 26, 2019 and October 18, 2019, as placeholders for hearings to consider bidding procedures related to any

---

[3] The Debtors have negotiated a proposed transaction with Balu Holdings, LLC (the "Stalking Horse Bidder"). The Stalking Horse Bidder has agreed to purchase substantially all of the Debtors' assets (the "Acquired Assets"), subject to Court approval, pursuant to the Asset Purchase Agreement, dated September 9 2019, by and among the Parties (the "APA"). A true and correct copy of the APA is attached to the Bidding Procedures Motion as **Exhibit A**.

proposed sale of all or substantially all of their assets and a hearing to ultimately approve a proposed sale of the Debtors' assets.

## RELIEF REQUESTED

11. By this Motion, the Debtors respectfully request the entry of an order pursuant to Section 105(a) of the Bankruptcy Code and Rule 9006(c)(1) of the Bankruptcy Rules, shortening applicable notice periods and scheduling a hearing on an expedited basis to consider the Bidding Procedures Motion to the extent such motion contemplates approval of bidding procedures, scheduling the Auction, scheduling the Sale Hearing and notice thereof.

## BASIS FOR RELIEF

12. Rule 9006(c)(1) of the Bankruptcy Rules provides that "when an act is required or allowed to be done at or within a specified time . . . , the court for cause shown may in its discretion with or without motion or notice order the period reduced."

13. Further, Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." "The basic purpose of Section 105(a) is to assure the bankruptcy court's power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 *Collier on Bankruptcy* ¶ 105.01 (16th ed. 2015). Thus, Section 105(a) essentially codifies the bankruptcy court's inherent equitable powers. *See Mgmt. Tech. Corp. v. Pardo (In re Mgmt. Tech. Corp.)*, 56 B.R. 337, 339 (Bankr. D.N.J. 1985) (holding that a court's equitable power is derived from Section 105).

14. In order to comply with the terms of the Final DIP Order, adhere to the hearing schedule outlined and discussed with the Court at the First Day Hearing and subsequent hearings in these Bankruptcy Cases, and preserve the assets of their bankruptcy estates and maintain their

ongoing business operations, the Debtors request that this Court shorten the applicable notice period for the Bidding Procedures Motion and schedule an expedited hearing on the Bidding Procedures Motion on September 26, 2019. To require the Debtors to comply with otherwise applicable notice requirements would cause the Debtors to default under the Final DIP Order and would otherwise be detrimental to the maximization of the value of the Debtors' businesses.

15. The Debtors assert that the relief requested in this Motion is in the best interests of their bankruptcy estates and creditors and will not prejudice the rights of any party in interest in these Bankruptcy Cases. Accordingly, the Debtors respectfully request an order from this Court shortening applicable notice periods and scheduling a hearing on the Bidding Procedures Motion on an expedited basis.

## NOTICE

16. Notice of this Motion has been given to the following parties, or in lieu thereof, to their counsel: (a) the parties identified on the Master Service List in these Bankruptcy Cases as approved by this Court's Order Establishing Notice and Administrative Procedures [Docket No. 33], and (b) via electronic mail[4] on all persons or entities known or reasonably believed to have an interest in purchasing the Acquired Assets. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

---

[4] The Debtors contacted parties interested in purchasing the Acquired Assets, including the Stalking Horse Bidder, via electronic mail.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court:

(a)     Grant the Motion;

(b)     enter an Order and Notice in substantially the same form as is attached to this Motion as **Exhibit A** shortening notice and scheduling an expedited hearing on the Bidding Procedures Motion; and

(c)     grant the Debtors such other and further relief as is just and proper.

Respectfully submitted this 10th day of September 2019.

ARNALL GOLDEN GREGORY LLP

/s/ Darryl S. Laddin
Darryl S. Laddin
Georgia Bar No. 460793
Sean C. Kulka
Georgia Bar No. 648919
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
Phone: (404) 873-8500
Fax: (404) 873-8683
Email: darryl.laddin@agg.com
Email: sean.kulka@agg.com

*Attorneys for Debtors and Debtors in Possession*

# **EXHIBIT A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EAT HERE BRANDS, LLC, *et al.*[5], | ) | Lead Case No. 19-61688-WLH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER SHORTENING NOTICE AND SCHEDULING
## EXPEDITED HEARING ON BIDDING PROCEDURES MOTION

This matter is before the Court on the *Debtors' Motion for an Order Shortening Notice and Scheduling an Expedited Hearing on Debtors' Bidding Procedures Motion* [Docket No. _____] (the "Motion") of Eat Here Brands, LLC, Babalu Atlanta #1 LLC, Babalu Atlanta #2 LLC, Babalu Knoxville #1 LLC, Babalu Memphis #1 LLC, Babalu Memphis #2 LLC, Babalu, LLC, and Babalu Birmingham #1 LLC (collectively, the "Debtors"). All capitalized terms used but not defined in this Order and Notice shall have the meanings given to them in the Motion.

The Court has considered the Motion, the Bidding Procedures Motion, the Final DIP Order, and all other matters reflected in the record in these Bankruptcy Cases. It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been given to: (a) the parties identified on the Master Service List in these Bankruptcy Cases as approved by this Court's Order Establishing Notice and Administrative Procedures [Docket No. 33], and (b) via electronic mail on all persons or entities known or

---

[5] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Eat Here Brands, LLC (9694); Babalu Atlanta #1 LLC (4025); Babalu Atlanta #2 LLC (5240); Babalu Knoxville #1 LLC (3163); Babalu Memphis #1 LLC (9320); Babalu Memphis #2 LLC (4558); Babalu, LLC (7673); and Babalu Birmingham #1 LLC (1892). The Debtors' mailing address is 9755 Dogwood Road, Suite 200, Roswell, Georgia 30075.

reasonably believed to have asserted an interest in the Acquired Assets; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtors, their bankruptcy estates, and their creditors; and that good and sufficient cause exists to grant the relief requested in the Motion.

Accordingly, it is hereby ORDERED and NOTICE is hereby given that:

1. The Motion is GRANTED.

2. A hearing will be held on the **September 26, 2019 at 1:30 p.m. (Eastern) in Courtroom 1403, United States Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia 30303 (the "Hearing")** on the Bidding Procedures Motion, and that objections, if any, must be filed with the Court **on or before 4:00 p.m. (Eastern) on September 23, 2019 (the "Objection Deadline")** and served on the following parties: (a) counsel to the Debtors, Arnall Golden Gregory LLP, 171 17th Street, N.W., Suite 2100, Atlanta, Georgia 30363-1031, Attn: Darryl Laddin; (b) counsel to the Stalking Horse Bidder, 999 S. Shady Grove Road, Suite 500, Memphis, Tennessee 38120, Attn: John A. Bobango; (c) counsel for Origin Bank, Morris, Manning & Martin, LLP, 3343 Peachtree Road, N.E., Suite 1600, Atlanta, Georgia 30326, Attn. Frank W. DeBorde, (d) counsel for the Official Committee of Unsecured Creditors, Scroggins & Williamson, P.C., 4401 Northside Parkway, Suite 450, Atlanta, Georgia 30327, Attn. Hayden Kepner, Jr.; and (e) the Office of the United States Trustee, 75 Ted Turner Drive, S.W., Room 362, Atlanta, Georgia 30303.

3. Notice of the Motion is hereby shortened, and counsel for the Debtors is directed to serve a copy of this Order and Notice on: (i) the entire creditor matrix in each of the Bankruptcy Cases and (ii) via electronic mail on all persons or entities known or reasonably

believed to have an interest in in purchasing the Acquired Assets within two (2) days of the entry of this Order and to file a certificate of service with the Clerk of the Court.

4. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

### *** END OF ORDER ***

Prepared and presented by:

ARNALL GOLDEN GREGORY LLP

/s/ Darryl S. Laddin
Darryl S. Laddin
Georgia Bar No. 460793
Sean C. Kulka
Georgia Bar No. 648919
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
Phone: (404) 873-8500
Fax: (404) 873-8683
Email: darryl.laddin@agg.com
Email: sean.kulka@agg.com

*Attorneys for Debtors and Debtors in Possession*