**IT IS ORDERED as set forth below:**

Date: September 13, 2019



_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EAT HERE BRANDS, LLC, *et al.*[1], | ) | Lead Case No. 19-61688-WLH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**FINAL ORDER (A) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (B) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (C) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

This matter is before the Court on the *Emergency Motion for Interim and Final Orders (A) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service on Account of Prepetition Invoices, (B) Deeming Utilities Adequately Assured of Future Performance, and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Eat Here Brands, LLC (9694); Babalu Atlanta #1 LLC (4025); Babalu Atlanta #2 LLC (5240); Babalu Knoxville #1 LLC (3163); Babalu Memphis #1 LLC (9320); Babalu Memphis #2 LLC (4558); Babalu, LLC (7673); and Babalu Birmingham #1 LLC (1892). The Debtors' mailing address is 9755 Dogwood Road, Suite 200, Roswell, Georgia 30075.

*(C) Establishing Procedures for Determining Adequate Assurance of Payment* [Docket No. 14] (the "Motion") of Eat Here Brands, LLC, Babalu Atlanta #1 LLC, Babalu Atlanta #2 LLC, Babalu Knoxville #1 LLC, Babalu Memphis #1 LLC, Babalu Memphis #2 LLC, Babalu, LLC, and Babalu Birmingham #1 LLC (collectively, the "Debtors"). On August 1, 2019, the Court entered an order [Docket No. 32] granting the Motion on an interim basis and scheduled a Final Hearing on September 12, 2019 at 1:30 p.m. All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

The Court has considered the Motion, the Declaration of Ned Lidvall, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First-Day Orders [Docket No. 5], and the matters reflected in the record of the hearings held on the Motion on August 1, 2019 and September 12, 2019. It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been given to the parties identified on the Master Service List in these Bankruptcy Cases as approved by this Court's Order Establishing Notice and Administrative Procedures [Docket No. 33] and the Utility Providers; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtors, their estates, and their creditors; and that good and sufficient cause exists to grant the relief requested in the Motion

Accordingly, it is hereby ORDERED as follows:

1. The Motion is GRANTED on a final basis.

2. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

3. The Debtors are directed to pay on a timely basis, in accordance with its pre-petition practices, all undisputed invoices in respect of post-petition utility services rendered by the Utility Companies to the Debtors.

4. If a Utility Company requested to receive the Adequate Assurance Deposit, the Debtors are authorized and directed to pay the appropriate Adequate Assurance Deposit to the Utility Company. A Utility Company seeking the proposed Adequate Assurance Deposit must have requested the Adequate Assurance Deposit in writing to counsel for the Debtors, Arnall Golden Gregory LLP, 171 17th Street, Atlanta, Georgia 30363-1031, (Attention: Darryl S. Laddin, Esq.), so that it was received on or before 4:00 p.m. (Eastern Time) on September 3, 2019.

5. As a condition of receiving the Adequate Assurance Deposit, the requesting Utility Company shall be deemed to have stipulated that (i) the Adequate Assurance Deposit constitutes adequate assurance of payment to such Utility Company within the meaning of Section 366 of the Bankruptcy Code and (ii) it shall not seek additional or different adequate assurance during the course of these Bankruptcy Cases absent further order from this Court and a showing of changed circumstances.

6. No Utility Company may alter, refuse, terminate, or discontinue services to, and/or discriminate against the Debtors on the basis of commencement of these Bankruptcy Cases or on account of unpaid invoices for service provided by any of the Utility Companies to the Debtors prior to the Petition Date.

7. The Determination Procedures set forth in the Interim Order are hereby approved on a final basis.

8. In addition, the Debtors are authorized, as necessary, to provide notice and a copy of this Final Order to any Additional Utility Companies as such Additional Utility Companies are identified. Such Additional Utility Companies shall be subject to the terms of this Final Order, including the Determination Procedures. **If an Additional Utility Company fails to submit a Request within twenty (20) days after being served with this Final Order, the Additional Utility Company shall be deemed to have received adequate assurance of payment that is satisfactory to such Additional Utility Company pursuant to Section 366(c)(2) of the Bankruptcy Code without prejudice to the right of such Additional Utility Company to seek relief in the future pursuant to Section 366(c)(3)(A).**

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

10. Counsel to the Debtors are directed to serve a copy of this Order on to the parties identified on the Master Service List in these Bankruptcy Cases as approved by this Court's Order Establishing Notice and Administrative Procedures [Docket No. 33] and the Utility Providers within three (3) days of the entry of this Final Order and to file a certificate of service with the Clerk of the Court.

**\*\*\* END OF ORDER \*\*\***

Prepared and presented by:

ARNALL GOLDEN GREGORY LLP

/s/ Darryl S. Laddin
Darryl S. Laddin
Georgia Bar No. 460793
Sean C. Kulka
Georgia Bar No. 648919
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
Phone: (404) 873-8500
Fax: (404) 873-8683
Email: darryl.laddin@agg.com
Email: sean.kulka@agg.com

*Attorneys for Debtors and Debtors in Possession*