**IT IS ORDERED as set forth below:**



**Date: September 16, 2019**



_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EAT HERE BRANDS, LLC, *et al.*[1], | ) | Lead Case No. 19-61688-WLH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) ESTABLISHING A PROCEDURE FOR DETERMINING
CLAIMS ARISING UNDER THE PERISHABLE AGRICULTURE
COMMODITIES ACT, (II) AUTHORIZING THE DEBTORS TO PAY CERTAIN
PRE-PETITION CLAIMS ARISING UNDER THE PERISHABLE AGRICULTURAL
<u>COMMODITIES ACT; AND (III) GRANTING RELATED RELIEF</u>**

This matter is before the Court upon the motion [Docket No. 58] (the "<u>Motion</u>")[2] of the

above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  Eat Here Brands, LLC (9694); Babalu Atlanta #1 LLC (4025); Babalu Atlanta #2 LLC (5240); Babalu Knoxville #1 LLC (3163); Babalu Memphis #1 LLC (9320); Babalu Memphis #2 LLC (4558); Babalu, LLC (7673); and Babalu Birmingham #1 LLC (1892).  The Debtors' mailing address is 9755 Dogwood Road, Suite 200, Roswell, Georgia 30075.

4811-7580-8678v.2

order (this "Order") (i) establishing a procedure for determining claims arising under the Perishable Agricultural Commodities Act ("PACA") and (ii) authorizing, but not directing, the Debtors to pay the PACA Claims as set forth more fully in the Motion.

The Court has considered the Motion, the Declaration of Ned Lidvall, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First-Day Orders [Docket No. 5], the Limited Objection to the Motion [Docket No. 108] and the matters reflected in the record of the hearing held on the Motion on September 12, 2019 at 1:30 p.m.  It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been given to the parties identified in the Master Service List as approved by the Court's Order Establishing Notice and Administrative Procedures [Docket No. 33] and the PACA Vendors; that no further notice is necessary; that the relief sought in the Motion and granted in this Order is in the best interests of the Debtors, their bankruptcy estates, and their creditors; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion is **GRANTED** to the extent set forth herein and any objections to the Motion are **OVERRRULED** except as reflected herein.

2. Any PACA Vendor who asserts a PACA Claim against any of the Debtors must file with the Court a PACA Claim and serve such PACA Claim on the Debtors' counsel, Arnall Golden Gregory, LLC, Attn: Darryl Scott Laddin, 171 17th Street, NW, Suite 2100, Atlanta, Georgia 30363, including a copy of any invoices associated with such claim, and a list of the

---

[2]    Capitalized terms used but not otherwise defined in this Order shall have the meanings set forth in the Motion.

- 2 -

items covered by PACA that are included within such PACA Claim, no later than 4:00 p.m. (Eastern) on October 4, 2019 (the "PACA Bar Date").

3. If any PACA Vendor fails to file and serve its PACA Claim by the PACA Bar Date, such PACA Vendor shall be deemed to have waived any and all PACA Claims against the Debtors, their property, their bankruptcy estates, and any PACA Trust Assets represented by such PACA Claims, but shall have the right to file a proof of claim for any non-PACA Claims or take other steps to assert non-PACA Claims.

4. For the avoidance of doubt, the Debtors having conferred and reached a compromise with Sunrise Fresh Produce, LLC t/a Sunrise Produce Jackson ("Sunrise") regarding its PACA Claim, Sunrise is hereby deemed to have satisfied paragraph 2 hereof and to have an undisputed and agreed PACA Claim in the total amount of $14,228.56, which the Debtors shall pay in accordance with paragraph 6 hereof.

5. By October 14, 2019, the Debtors shall file with this Court a list of all PACA Vendors who have asserted a PACA Claim in accordance with paragraph 2 hereof, including the amount of each such asserted PACA Claim (the "PACA List").

6. After the PACA Bar Date, and provided the Debtors remain authorized to use cash collateral of Origin Bank, the Debtors are authorized and directed to pay a PACA Claim to a PACA Vendor identified on the PACA List to the extent they do not dispute its PACA Claim or reach a resolution with such PACA Vendor, upon at least three days' notice to the Official Committee of Unsecured Creditors (the "Committee") and to Origin Bank; provided, however, (i) any such payment may only represent a *pro rata* payment based upon the amount of PACA Claims identified in the PACA List and the amounts set forth for PACA Claims in the Budget (without

prejudice to a PACA Vendor seeking to recover the full amount of its PACA Claim), (ii) nothing herein prohibits the Debtors and their DIP lender Origin Bank from agreeing to amend the Budget to increase the amount set forth therein for PACA Claims; and (iii) the Debtors shall not make such payment if Origin Bank or the Committee file an objection to such claim prior to the payment (and the Court shall hear and determine such dispute in accordance with applicable law and procedure).  In no event shall funds earmarked in the Budget for payment of asserted PACA Claims be used for any other purpose while asserted PACA Claims remain unpaid, unless otherwise ordered by the Court.

7. In the event that the Debtors, the Committee or Origin Bank dispute all or any portion of a PACA Claim of a PACA Vendor identified on the PACA List, they shall file an objection to such claim setting forth the factual and legal basis for the objection by November 27, 2019.  The Court shall hear and determine such dispute in accordance with applicable law and procedure.  To the extent not previously paid, the Debtors shall pay promptly after November 27, 2019, in accordance with paragraph 6 hereof, all or any portion of a PACA Claim of a PACA Vendor that is not disputed by the Debtors, the Committee or Origin Bank.

8. Other than with respect to Sunrise's PACA Claim as set forth in paragraph 4 hereof, nothing in this Order (i) is intended as a determination that any of the PACA Vendors is or is not entitled to a PACA Claim; (ii) is intended as a determination as to the validity of any claim against the Debtors or their bankruptcy estates or an entitlement or lack of entitlement to any PACA Trust Assets; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their bankruptcy estates to contest the validity, priority, character, or amount of any claim against the Debtors or their bankruptcy estates; (iv) shall—except as provided in this Order—impair, prejudice, waive, or otherwise affect the rights, if any, of the PACA Vendors

- 5 -

including, but not limited to, the right to object to any motion to sell the assets of the Debtors; or (v) shall be construed as a determination that the amount set forth in the Budget for PACA Claims is a cap on the amount of money that can or must be paid to PACA Vendors.

9. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted in this Order.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

11. Counsel to the Debtors is directed to serve a copy of this Order on the parties identified in Master Service List as approved by the Court's Order Establishing Notice and Administrative Procedures [Docket No. 33] and the PACA Vendors within three (3) days of the entry of this Order and to file a certificate of service with the Clerk of the Court.

**\*\*\* END OF ORDER \*\*\***

Prepared and presented by:

ARNALL GOLDEN GREGORY LLP

/s/ Darryl S. Laddin
Darryl S. Laddin
Georgia Bar No. 460793
Sean C. Kulka
Georgia Bar No. 648919
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
Phone: (404) 873-8500
Fax: (404) 873-8683
Email: darryl.laddin@agg.com
Email: sean.kulka@agg.com

*Attorneys for Debtors and Debtors in Possession*


SCHULTEN WARD TURNER & WEISS LLP

/s/ Robert M.D. Mercer
Robert M.D. Mercer
Georgia Bar No. 502317
260 Peachtree Street NW, Suite 2700
Atlanta, Georgia 30303
Phone: (404) 688-6800
Fax: (404) 688-6840
Email: r.mercer@swtwlaw.com

*Attorneys for Debtors and Debtors in Possession*