**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EAT HERE BRANDS, LLC, *et al.*, | ) | Lead Case No. 19-61688-WLH |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORIGIN BANK'S JOINDER TO DEBTORS' OBJECTION
TO APPLICATION OF S.A.R. ASSOCIATES, INC. FOR ALLOWANCE
AND PAYMENT OF AN ADMINISTRATIVE EXPENSE CLAIM
PURSUANT TO BANKRUPTCY CODE SECTION 503(B)(9) AND OBJECTION**

Origin Bank ("Origin") hereby files its Joinder to the *Debtors' Objection to the Application of S.A.R. Associates, Inc.* ("SAR") *for Allowance and Payment of an Administrative Expense Claim Pursuant to Bankruptcy Code Section 503(b)(9)* (the "Objection") and Objection to the Motion[1], showing the Court the following:

The Debtors oppose SAR's motion on the ground that SAR does not hold an administrative expense claim pursuant to 11 U.S.C. § 503(b)(9) because (i) SAR did not deliver *goods* to the Debtors within twenty (20) days of the Petition Date and (ii) SAR did not sell goods or services to the Debtors in the ordinary course of the *Debtors'* business. *See* Objection at 3-6. Origin concurs with the Debtors' arguments as to the non-validity of SAR's alleged administrative expense claim (the "Alleged Claim"), specifically incorporates them by reference as if fully set forth herein, and respectfully requests that the Court sustain the Debtors' Objection.

---

[1] Words not defined herein shall have the meaning ascribed to them in the Objection and, to the extent not defined therein, the Final DIP Order.

1

Origin Bank also objects to the Motion on the ground that it does <u>not</u> consent to payment of the Alleged Claim out of Origin Bank's cash collateral. Pursuant to the Final DIP Order, Origin Bank has only consented to the Debtors' use of cash collateral (as such term is defined in 11 U.S.C. § 363(a)) upon the terms and conditions contained in the Final Order, including the requirement that the Debtors may only use the DIP Loan Amount and the DIP Collateral for the purposes and in the amounts set forth in the Budget. *See* Final DIP Order at 13. The Alleged Claim is not in the Budget, and Origin has not consented to amend the Budget to include the Alleged Claim; accordingly, the Debtors do not have authority to pay the Alleged Claim.

Additionally, Origin objects to payment of the Alleged Claim out of Origin's cash collateral prior to payment in full to Origin of all amounts due under the DIP Financing Documents and the Prepetition Loan Documents. Upon review of the Motion and the Debtors' Objection, it appears likely that SAR, at best, holds an unsecured claim. Because Origin anticipates that it will hold a significant deficiency claim against the Debtors following the sale of the Debtors' assets that is contemplated in this bankruptcy case, it is very unlikely that the Debtors will have sufficient funds to pay all unsecured claims in full in this case and it is unclear what the status of payment of all administrative claims will be if all assets are encumbered. Origin's claim should have priority over SAR's claim. Thus, immediate payment of the Alleged Claim in full is not proper or permitted under the Bankruptcy Code. Origin objects to the Debtors' payment to SAR of any amount at this time on account of its Alleged Claim under the circumstances.

For the foregoing reasons, Origin respectfully requests that the Court deny the Motion, sustain the Debtors' Objection and Origin's objection herein stated and grant such other relief as it deems just and proper.

This 23rd day of September 2019.

                          Respectfully submitted,

                          **MORRIS, MANNING & MARTIN, LLP**

                          By: /s/    Gwendolyn J. Godfrey

3343 Peachtree Road, N.E.      Frank W. DeBorde
Suite 1600                           Georgia Bar No. 215415
Atlanta, Georgia 30326         Gwendolyn J. Godfrey
(404) 233-7000                   Georgia Bar No. 153004

                          *Attorneys for Origin Bank*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EAT HERE BRANDS, LLC, *et al*, | ) | Lead Case No. 19-61688-WLH |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing **Origin Bank's Joinder to Debtors' Objection to Application of S.A.R. Associates, Inc. for Allowance and Payment of an Administrative Expense Claim Pursuant to Bankruptcy Code Section 503(b)(9) and Objection** via U.S. Mail with proper postage paid and email upon:

Lindsay P.S. Kolba
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

J. Hayden Kepner, Jr.
Scroggins & Williamson, P.C.
4401 Northside Parkway, Suite 4500
Atlanta, GA 30327

Darryl S. Laddin
Sean C. Kulka
Michael F. Holbein
Arnall Golden Gregory LLP
171 17th Street, NW, Suite 2100
Atlanta, GA 30363

Theodore N. Stapleton
Theodore N. Stapleton, PC
Suite 100-B
2802 Paces Ferry Road
Atlanta, Georgia, 30339

Ewing, Scott - Omni Management Group
Omni Management Group
Scott Ewing
5955 DeSoto Avenue, #100
Woodland Hills, CA 91367

Robert M.D. Mercer
Schulten Ward Turner & Weiss LLP
260 Peachtree Street, N.W.
Suite 2700
Atlanta, GA 30303

Dated: September 23, 2019.

By: /s/   Gwendolyn J. Godfrey_____
     Gwendolyn J. Godfrey
     Georgia Bar No. 153004