**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EAT HERE BRANDS, LLC, *et al.*[1], | ) | Lead Case No. 19-61688-WLH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**MOTION FOR ENTRY OF ORDER ESTABLISHING BAR DATE FOR FILING MOTIONS SEEKING ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS**

Eat Here Brands, LLC, Babalu Atlanta #1 LLC, Babalu Atlanta #2 LLC, Babalu Knoxville #1 LLC, Babalu Memphis #1 LLC, Babalu Memphis #2 LLC, Babalu, LLC, and Babalu Birmingham #1 LLC (collectively, the "Debtors") file this *Motion for Entry of Order Establishing Bar Date for Filing Motions Seeking Allowance of Administrative Expense Claims* (the "Motion") to establish a bar date for creditors to file motions seeking allowance and payment of administrative expenses. In support of the Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these Bankruptcy Cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested in the Motion are Sections 105(a) and 503(b) of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Eat Here Brands, LLC (9694); Babalu Atlanta #1 LLC (4025); Babalu Atlanta #2 LLC (5240); Babalu Knoxville #1 LLC (3163); Babalu Memphis #1 LLC (9320); Babalu Memphis #2 LLC (4558); Babalu, LLC (7673); and Babalu Birmingham #1 LLC (1892). The Debtors' mailing address is 9755 Dogwood Road, Suite 200, Roswell, Georgia 30075.

14124675v3

**BACKGROUND**

3. On July 30, 2019 (the "Petition Date"), the Debtors each commenced voluntary cases (the "Bankruptcy Cases") under Chapter 11 of the Bankruptcy Code.

4. The Debtors have continued in possession of their properties and have continued to operate and manage their respective businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. As of the date of this filing, no request has been made for the appointment of a trustee or examiner.

6. Additional information about the Debtors' businesses and the events leading up to the commencement of the Bankruptcy Cases can be found in the Declaration of Ned Lidvall, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First-Day Orders [Docket No. 5] (the "Lidvall Declaration"), which is incorporated herein by reference.

7. On August 20, 2019, the Court entered a Final DIP Order in these Bankruptcy Cases [Docket No. 69] as amended by that certain Amended Final DIP Order [Docket No. 103] (the "Final DIP Order"), which, among other things, authorized the Debtors to use cash collateral and the proceeds of the Debtors' DIP loan from Origin Bank pursuant to a budget, which was attached to the DIP Financing Motion [Docket No. 16] as Exhibit C (the "Budget").

8. The Final DIP Order provides that it shall be a default under the DIP Order if the Debtors fail to: (i) file a bidding procedures motion with or without a stalking horse on or before September 10, 2019**;** (ii) obtain entry of a bidding procedures order within twenty-four (24) days of Debtors' filing of the bidding procedures motion; (iii) obtain entry of an order approving the sale of all or substantially all of the Debtors' assets on or before October 18,

14124675v3

2019, or (iv) close a sale of all or substantially all of the Debtors' assets on or before October 27, 2019.

9. The Final DIP Order also provides it shall be a default under the DIP Order unless on or before thirty (30) days after the date of closing of the Sale (defined below), and no later than December 1, 2019, the Debtors have not filed: (1) a motion to convert the Bankruptcy Cases to cases under Chapter 7 of the Bankruptcy Code, (2) a motion to dismiss the Bankruptcy Cases, **or** (3) a plan of reorganization subject to the DIP Lender's approval and consent providing for payment in full by December 31, 2019, of all amounts due to the DIP Lender then remaining unpaid, including all amounts owed under the DIP Facility and the Debtors' pre-petition obligations to Origin Bank (a "Plan"), with entry of a final order confirming the Plan of reorganization on or before December 31, 2019.

10. On August 30, 2019, each of the Debtors filed their respective Statements of Financial Affairs, Schedules of Assets and Liabilities, and related papers (each a "Schedule", and collectively, the "Schedules") in the Bankruptcy Cases.

11. On September 10, 2019, the Debtors filed with the Court a motion [Docket No. 110] (the "Sale Motion") seeking, among other things, (a) authority to sell substantially all of the assets (the "Assets") of the Debtors free and clear of all liens, claims, interests, and encumbrances (the "Sale"); (b) approval of certain bidding procedures (the "Bid Procedures") for the solicitation of bids with respect to the proposed Sale of the Assets (the "Bid Procedures Relief"); (c) scheduling an auction related to the proposed Sale of the Assets; and (d) scheduling a final hearing with the Court for approval of the proposed Sale of the Assets.

12. On September 26, 2019, the Court held a hearing on the Bid Procedures Relief, and thereafter the Court entered an order that, among other things, approved the Bid Procedures Relief [Docket No. 135] (the "Bid Procedures Order"). Pursuant to the Bid Procedures Order the Court scheduled a final hearing to consider approval of the proposed Sale of the Assets on October 18, 2019 at 1:30 a.m. (Eastern) (the "Sale Hearing").

13. In order to assess the viability of a potential Plan, the Debtors need to have a better understanding of what administrative expense claims (other than administrative expense claims by the Debtors' and the Committee's professionals), if any, exist.

## RELIEF REQUESTED

14. By this Motion, the Debtors seek entry of an order pursuant to 11 U.S.C. §§ 105(a) and 503(b) establishing November 29, 2019 (the "Bar Date") as the last day by which creditors must file a motion seeking allowance and payment of administrative expenses (those expenses of a kind specified in Section 503 of the Bankruptcy Code and entitled to priority under Section 507(a)(1) of the Bankruptcy Code), **but *excluding*** (a) administrative expense claims previously allowed or denied by order of the Court; and (b) administrative expense claims that are held by estate professionals of the Debtors or the Official Committee of Unsecured Creditors in these Bankruptcy Cases (the "Committee") duly retained in accordance with the Bankruptcy Code (the "Subject Administrative Expense Claims").

## BASIS FOR REQUESTED RELIEF

15. Section 105(a) of the Bankruptcy Code authorizes this Court to enter "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

16. The Debtors anticipate closing the Sale of the Assets on or before October 27, 2019. Pursuant to the Final DIP Order the Debtors have until the earlier of (i) thirty

14124675v3

(30) days after the date that the Sale closes or (ii) December 1, 2019, to file a Plan or convert or dismiss the Bankruptcy Cases.  In the event that the Debtors file a Plan, the Debtors then have until December 31, 2019 to confirm the Plan.

17. In order to assess the viability of a potential Plan, the Debtors need to determine the number and amount of the Subject Administrative Expense Claims asserted against their respective bankruptcy estates.  Establishing a bar date for creditors to file motions seeking the allowance and payment of the Subject Administrative Expense Claims will facilitate the administration of the Debtors' respective bankruptcy estates, and will enable the Debtors to determine whether a Plan is viable.

**CONSEQUENCES OF FAILURE TO FILE A MOTION REQUESTING THE ALLOWANCE AND PAYMENT FOR AN ADMINISTRATIVE EXPENSE CLAIM**

18. The Debtors propose that, pursuant to Sections 105 and 503(b) of the Bankruptcy Code, any person or entity that is required to file a timely motion seeking the allowance and payment of an administrative expense claim that fails to do so on or before the Administrative Expense Claim Bar Date (as hereafter defined), shall not receive or be entitled to receive any payment or distribution of property from the Debtors, their bankruptcy estates, or their successors or assigns with respect to such administrative expense claim, and shall be forever barred from asserting an administrative expense against the Debtors, their bankruptcy estates, or their successors or assigns.

**NOTICE OF THE ADMINISTRATIVE EXPENSE CLAIMS BAR DATE ORDER AND THE ADMINISTRAIVE EXPENSE CLAIM BAR DATE**

19. The Debtors propose to mail a notice in a form substantially similar to the notice attached to this Motion as **Exhibit B** (the "Administrative Expense Claim Bar Date Notice") to:

14124675v3

    a.    those parties identified on the Master Service List in these Bankruptcy Cases as approved by this Court's Order Establishing Notice and Administrative Procedures [Docket No. 33]; and

    b.    all known potential holders of administrative expense claims against the Debtors.

The proposed Administrative Expense Claim Bar Date Notice notifies the above-referenced parties of the Administrative Expense Claim Bar Date and contains information regarding who must file a motion requesting the allowance and payment of an administrative expense claim. The Debtors request that the Court enter an order approving the use of the Administrative Expense Claim Bar Date Notice in a form substantially similar to **Exhibit A** to this Motion.

## NOTICE

20.    Notice of this Motion has or will be given to the parties identified on the Master Service List in these Bankruptcy Cases as approved by this Court's Order Establishing Notice and Administrative Procedures [Docket No. 33]. In light of the nature of the relief requested in the Motion, the Debtors submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that this Court: (i) enter an order in substantially the same form attached to this Motion as **Exhibit A** establishing November 29, 2019 by 5:00 p.m. (Eastern) as the Administrative Expense Claim Bar Date (the "Administrative Expense Claim Bar Date Order"); (ii) approve the Debtors' proposed Administrative Expense Claim Bar Date Notice substantially in the same form attached to this Motion as **Exhibit B**; and (iii) grant the Debtors such other and further relief as is just and proper.

14124675v3

Respectfully submitted this 8th day of October 2019.

        ARNALL GOLDEN GREGORY LLP

        /s/ Darryl S. Laddin
        Darryl S. Laddin
        Georgia Bar No. 460793
        Sean C. Kulka
        Georgia Bar No. 648919
        171 17th Street, N.W., Suite 2100
        Atlanta, Georgia 30363-1031
        Phone: (404) 873-8500
        Fax: (404) 873-8683
        Email: darryl.laddin@agg.com
        Email: sean.kulka@agg.com

        *Attorneys for Debtors and Debtors in Possession*

# **EXHIBIT A**

**Proposed Order**

14124675v3

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EAT HERE BRANDS, LLC, *et al.*[1], | ) | Lead Case No. 19-61688-WLH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER ESTABLISHING BAR DATE FOR FILING MOTIONS**
**SEEKING ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS**

This matter is before the Court on the *Motion for Entry of Order Establishing Bar Date for Filing Motions Seeking Allowance of Administrative Expense Claims* (the "Motion") [Docket No. ___] (the "Motion") of Eat Here Brands, LLC, Babalu Atlanta #1 LLC, Babalu Atlanta #2 LLC, Babalu Knoxville #1 LLC, Babalu Memphis #1 LLC, Babalu Memphis #2 LLC, Babalu, LLC, and Babalu Birmingham #1 LLC (collectively, the "Debtors").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Eat Here Brands, LLC (9694); Babalu Atlanta #1 LLC (4025); Babalu Atlanta #2 LLC (5240); Babalu Knoxville #1 LLC (3163); Babalu Memphis #1 LLC (9320); Babalu Memphis #2 LLC (4558); Babalu, LLC (7673); and Babalu Birmingham #1 LLC (1892). The Debtors' mailing address is 9755 Dogwood Road, Suite 200, Roswell, Georgia 30075.

[2] All capitalized terms used but not defined in this Order shall have the meaning given to them in the Motion.

14124675v3

The Court has considered the Motion, and it appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that the establishment of a date by which creditors must file a motion seeking the allowance and payment of administrative expense claims against the Debtors or be forever barred is in accordance with the authority granted to this Court by the Bankruptcy Code and the Bankruptcy Rules and is necessary for the prompt and efficient administration of these Bankruptcy Cases; that notification of the relief granted by this Order in the manner proposed by the Debtors, as set forth in this Order, is fair and reasonable and will provide good, efficient, and proper notice to all creditors of their rights and obligations in connection with any administrative expense claims that they may have against the Debtors in these Bankruptcy Cases; that notice of the Motion has been given to the parties identified on the Master Service List in these Bankruptcy Cases as approved by this Court's Order Establishing Notice and Administrative Procedures [Docket No. 33]; that no further notice of the Motion is necessary; that the relief sought in the Motion is in the best interests of the Debtors, their bankruptcy estates, and their creditors; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby ORDERED as follows:

1. The Motion is GRANTED.

2. Except for certain exceptions explicitly set forth in this Order, each person or entity (including each governmental unit, individual, partnership, joint venture, corporation, limited liability company, estate, and trust) that asserts an administrative expense claim (those expenses of a kind specified in Section 503 of the Bankruptcy Code and entitled to priority under Section 507(a)(1) of the Bankruptcy Code) that arose on or after the Petition Date shall file a motion requesting the allowance and payment of such administrative expense claim

14124675v3

on or before **November 29, 2019 by 5:00 p.m. (Eastern) (the "<u>Administrative Expense Claim Bar Date</u>").**

3. Motions requesting allowance and payment of an administrative expense claim shall only be deemed to be timely filed if they filed electronically or if filed by paper so such motion is *actually received* by the Clerk of the Court on or before the Administrative Expense Claim Bar Date.

4. The following persons or entities are *not* required to file a motion requesting the allowance and payment of an administrative expense claim on or before the Administrative Expense Claim Bar Date:

   a. administrative expense claims previously allowed or denied by an order of this Court; and

   b. administrative expense claims that are held by professionals of the Debtors or the Official Committee of Unsecured Creditors in these Bankruptcy Cases (the "<u>Committee</u>") who were duly retained in accordance with the Bankruptcy Code.

**5.      Any person or entity that does not file a motion requesting the allowance or payment of an administrative expense claim as specified by this Order, and that fails to do so on or before the Administrative Expense Claim Bar Date, shall not receive or be entitled to receive any payment or distribution of property from the Debtors, their bankruptcy estates, or their successors or assigns with respect to such administrative expense claim, and shall be forever barred from asserting such administrative expense claim against the Debtors, their bankruptcy estate, or their successors or assigns.**

6. Notice of the entry of this Order and of the Administrative Expense Claim Bar Date in a form substantially similar to the notice attached to the Motion as **Exhibit B** (the "<u>Administrative Expense Claim Bar Date Notice</u>"), which notice is hereby approved in all respects, constitutes good, adequate, and sufficient notice if it is served, by being deposited in the

14124675v3

United States mail, first-class postage prepaid, not more than three (3) business days after the entry of this Order on:

    a.    all persons on the Master Service List in these Bankruptcy Cases as approved by this Court's Order Establishing Notice and Administrative Procedures [Docket No. 33]; and

    b.    all known potential holders of administrative expense claims against the Debtors.

7. Nothing in this Order shall prejudice the right of the Debtors or any party-in-interest to dispute, or to assert offsets or defenses to, any administrative expense claim as to amount, liability, classification, or otherwise.

8. The Debtors are hereby authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

9. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

10. Counsel for the Debtors is directed to serve or cause a copy of this Order to be served on all parties identified on the Master Service List in these Bankruptcy Cases as approved by this Court's Order Establishing Notice and Administrative Procedures [Docket No. 33] within three (3) days of the entry of this Order and file a certificate of service with the Clerk of the Court.

**\*\*\* END OF ORDER \*\*\***

Prepared and presented by:

ARNALL GOLDEN GREGORY LLP

/s/ Darryl S. Laddin
Darryl S. Laddin
Georgia Bar No. 460793
Sean C. Kulka
Georgia Bar No. 648919
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
Phone: (404) 873-8500
Fax: (404) 873-8683
Email: darryl.laddin@agg.com
Email: sean.kulka@agg.com

*Attorneys for Debtors and Debtors in Possession*

14124675v3

## **EXHIBIT B**

**Proposed Administrative Expense Claim Bar Date Notice**

14124675v3

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EAT HERE BRANDS, LLC, *et al.*[4], | ) | Lead Case No. 19-61688-WLH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE REQUIRING FILING OF MOTIONS REQUESTING ALLOWANCE
AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS
ON OR BEFORE NOVEMBER 29, 2019 BY 5:00 P.M. (EASTERN)**

1. On July 30, 2019 (the "Petition Date"), Eat Here Brands, LLC, Babalu Atlanta #1 LLC, Babalu Atlanta #2 LLC, Babalu Knoxville #1 LLC, Babalu Memphis #1 LLC, Babalu Memphis #2 LLC, Babalu, LLC, and Babalu Birmingham #1 LLC (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia, Rome Division (the "Court"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. On October __, 2019, the Court entered an order [Docket No. __] (the "Administrative Expense Claim Bar Date Order")[5] establishing November 26, 2019 by 5:00 p.m. (Eastern), as the last date for the filing motions requesting the allowance and payment of administrative expense claims against the Debtors (the "Administrative Expense Claim Bar Date").

3. **Pursuant to the terms of the Administrative Expense Claim Bar Date Order, other than the parties listed in the exceptions outlined in paragraph 4 below, each person or entity (including, without limitation, each governmental unit, individual, partnership, joint venture, corporation, limited liability company, estate, and trust) that wishes to assert an administrative expense claim (those expenses of a kind specified in Section 503 of the Bankruptcy Code and entitled to priority under Section 507(a)(1) of the Bankruptcy Code) against the Debtors that arose on or after the Petition Date shall file a motion requesting the allowance and payment of such administrative expense claim on or before Administrative Expense Claim Bar Date. Motions requesting the allowance and payment of an administrative expense claim shall be deemed timely filed only if filed electronically or if filed**

---

[4] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Eat Here Brands, LLC (9694); Babalu Atlanta #1 LLC (4025); Babalu Atlanta #2 LLC (5240); Babalu Knoxville #1 LLC (3163); Babalu Memphis #1 LLC (9320); Babalu Memphis #2 LLC (4558); Babalu, LLC (7673); and Babalu Birmingham #1 LLC (1892). The Debtors' mailing address is 9755 Dogwood Road, Suite 200, Roswell, Georgia 30075.

[5] All capitalized terms not defined herein shall have the meaning given to them in the Administrative Expense Claim Bar Date Order.

14124675v3

**by paper so such motion is *actually received* by the Clerk of the Court on or before the Administrative Expense Claim Bar Date.**

4. The following persons or entities are *not* required to file a motion requesting the allowance and payment of an administrative expense claim on or before the Administrative Expense Claim Bar Date:

    a. administrative expense claims previously allowed or denied by an order of the Court; and

    b. administrative expense claims that are held by professionals of the Debtors or the Official Committee of Unsecured Creditors in these Bankruptcy Cases (the "Committee") duly retained in accordance with the Bankruptcy Code.

5. Any person or entity that is required to file a timely motion for requesting the allowance and payment of an administrative expense claim in the manner specified by the Administrative Expense Bar Date Order and that fails to do so on or before the Administrative Expense Claim Bar Date shall *not* receive or be entitled to receive any payment or distribution of property from the Debtors, their bankruptcy estates, or their successors or assigns with respect to such administrative expense claims, and shall be forever barred from asserting such administrative expense claim against the Debtors, their bankruptcy estates, or their successors or assigns.

6. **You should *not* file a motion requesting the allowance and payment of an administrative expense claim if you do not have an administrative expense claim against any of the Debtors.**

7. The Debtors reserve the right to dispute, or to assert offsets or defenses against, any motion requesting the allowance and payment of an administrative expense claim. Nothing in this Notice shall preclude the Debtors from objecting to any administrative expense claim asserted against them on any grounds.

8. A claimant should consult an attorney with inquiries, such as whether he or she should file a motion requesting the allowance and payment of an administrative expense claim.

8

14124675v3

Date: October [__], 2019  **By Order of the Court**
Atlanta, Georgia

                          ARNALL GOLDEN GREGORY LLP

                          /s/ Darryl S. Laddin
                          Darryl S. Laddin
                          Georgia Bar No. 460793
                          Sean C. Kulka
                          Georgia Bar No. 648919
                          171 17th Street, N.W., Suite 2100
                          Atlanta, Georgia 30363-1031
                          Phone: (404) 873-8500
                          Fax: (404) 873-8683
                          Email: darryl.laddin@agg.com
                          Email: sean.kulka@agg.com

                          *Attorneys for Debtors and Debtors in Possession*